**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ABDEL DAAS, aka Abdel Razzaq
Mohammad Daas,
                    *Petitioner,*

            v.

ERIC H. HOLDER Jr., Attorney
General,
                    *Respondent.*

No. 06-71898

Agency No.
A075-109-703

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
July 13, 2010—San Francisco, California

Filed August 24, 2010

Before: William A. Fletcher and Milan D. Smith,
Circuit Judges, and James Dale Todd, Senior District Judge.*

Opinion by Judge Milan D. Smith, Jr.

---

*The Honorable James Dale Todd, Senior United States District Judge
for the Western District of Tennessee, sitting by designation.

## COUNSEL

David J. Cohen, Cohen & Paik LLP, San Francisco, California, for petitioner Abdel Daas.

Peter D. Keisler, Assistant Attorney General, M. Jocelyln Lopez Wright, Assistant Director, Kristin Edison (on the brief), Office of Immigration Litigation, United States Justice Department, Civil Division, for respondent Eric H. Holder Jr., Attorney General of the United States.

# OPINION

M. SMITH, Circuit Judge:

Abdel Daas petitions for review of a decision of the Board of Immigration Appeals (BIA or Board) finding him ineligible for cancellation of removal on the ground that Daas was convicted of an "aggravated felony" within the meaning of the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(B). We hold that Daas's conviction for distributing listed chemicals—ephedrine and pseudoephedrine—with reasonable cause to believe they would be used to manufacture methamphetamine, *see* 21 U.S.C. § 841(c)(2), qualifies as a "drug trafficking crime" and thus constitutes an "aggravated felony." We therefore dismiss the petition for review.

## FACTUAL AND PROCEDURAL BACKGROUND

Daas is a Jordanian citizen who became a lawful permanent resident in June 1996. On October 23, 1998, Daas was convicted under then 21 U.S.C. § 841(d)(2) (now codified at 21 U.S.C. § 841(c)(2)), a Controlled Substances Act (CSA) offense proscribing anyone from "possess[ing] or distribut[ing] a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance." Daas was supplying large quantities of over-the-counter decongestants, Mini-Thins and Pseudo Thins, which contained the "listed chemicals" ephedrine and pseudoephedrine. Ephedrine and pseudoephedrine are precursor chemicals used to manufacture methamphetamine, a "controlled substance." *See United States v. Daas*, 198 F.3d 1167, 1171 (9th Cir. 1999). Following his conviction, the district court sentenced Daas to 97 months in prison. *Id.* at 1173.[1]

---

[1]We remanded for resentencing so that the district court could consider Dass's request for a downward departure. Daas was subsequently sentenced to 63 months and served 56.

On November 15, 2002, Daas was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) on the ground that his conviction amounted to an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). After the immigration judge (IJ) pretermitted Daas's applications for asylum and withholding of removal, the Board affirmed, holding that Daas was ineligible for relief because he was convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3) (limiting the Attorney General's authority to cancel removal of an otherwise deportable alien if the alien has been "convicted of an[ ] aggravated felony"). The Board reasoned that 8 U.S.C. § 1101(a)(43)(B) includes within its definition of aggravated felony "a drug trafficking crime (as defined in 18 U.S.C. § 924(c))." Relying on our decision in *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004), the Board held that "[a] drug trafficking crime means any felony punishable under the Controlled Substances Act [CSA]." Therefore, [Daas's] conviction under 21 U.S.C. § 841(c)(2), for which he was sentenced to 63 months in prison, is an aggravated felony under section 101(a)(43)(B) of the [INA] because it is punishable under the [CSA] and it is a felony." Daas filed a timely petition for review.

## JURISDICTION AND STANDARD OF REVIEW

While we generally have jurisdiction under 8 U.S.C. § 1252 to review final removal orders issued by the BIA, we are without jurisdiction to review a removal order against an alien removable for having committed an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to determine our jurisdiction; that is, we have jurisdiction to determine whether an offense is an aggravated felony under the INA. *See Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir. 2010). We review the issue de novo.[2] *Id.*

---

[2]The Attorney General insists that we owe deference to the one-judge, non-precedential, unpublished BIA order in this case holding that 21 U.S.C. § 841(c)(2) is an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B). Our precedent tells us otherwise. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1157 (9th Cir. 2008) ("A single-judge, unpublished, non-precedential BIA decision does not satisfy the standards established for *Chevron* deference by the Supreme Court in *United States v. Mead Corp.*" (citation omitted)).

## DISCUSSION

**[1]** "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" is defined, in relevant part, as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2), defines "drug trafficking crime" as "any felony punishable under [1] the Controlled Substances Act (21 U.S.C. 801 *et seq.*), [2] the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or [3] chapter 705 of title 46."[3]

**[2]** As noted above, the BIA concluded that 21 U.S.C. § 841(c)(2) is an aggravated felony because it is a felony punishable under the CSA. Daas argues that the BIA misread the statute. Daas concedes, as he must, that his conviction "is unquestionably a 'drug trafficking' offense under the CSA." Indeed, there is no dispute that 21 U.S.C. § 841(c)(2) is a felony under the CSA. *See* 21 U.S.C. § 841(c)(2) (listing imprisonment of not more than twenty years for violation of § 841(c)(2)). *Cf. Lopez v. Gonzales*, 549 U.S. 47, 60 (2006) ("[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law.").

**[3]** However, according to Daas, not every felony conviction under the CSA is an aggravated felony. Rather, only felonies under the CSA that "involve[ ] a controlled substance" qualify as aggravated felonies. And, according to Daas, "it is undisputed that Mr. Daas was convicted of an offense that did not involve a controlled substance." Daas argues that his con-

---

[3]Despite the reference in 8 U.S.C. § 1101(a)(43)(B) to section 924(c) of Title 18, we have recognized that section 924(c)(2) "provides the definition of 'drug trafficking crime' for all of subsection (c)." *Lopez-Jacuinde*, 600 F.3d at 1218.

viction involves a List I chemical, not a controlled substance. *See* 21 U.S.C. § 802(34) (listing ephedrine and pseudoephedrine as List I chemicals, defined as "a chemical that is used in manufacturing a controlled substance in violation of this subchapter and is important to the manufacture of the controlled substances"). In other words, Daas maintains that a "drug trafficking crime" must meet two requirements to be considered an "aggravated felony": it must be a federal felony under one of the three acts specified in 18 U.S.C. § 924(c)(2), *and* it must constitute illicit trafficking in a controlled substance.

**[4]** Daas's argument is foreclosed by our decisions in *Lopez-Jacuinde*, 600 F.3d at 1217, and *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008). There, we recognized that section 1101(a)(43)(B) "has given rise to two possible routes for a state drug felony to qualify as an aggravated felony." *Rendon*, 520 F.3d at 974 (citing *In re Davis*, 20 I. & N. Dec. 536, 541-43 (BIA 1992)); *see also Lopez-Jacuinde*, 600 F.3d at 1217 (noting that section 1101(a)(43)(B) "provid[es] two analytic routes" for determining when a state drug felony is an aggravated felony). First, the offense is an "aggravated felony" under the "illicit trafficking in a controlled substance" prong if the crime contains a trafficking element. *Lopez-Jacuinde*, 600 F.3d at 1217. Second, the offense is an "aggravated felony" under the "including a drug trafficking crime (as defined in section 924(c) of Title 18)" prong if it would be punishable under one of the three federal drug laws listed in 18 U.S.C. § 924(c)(2). *Lopez-Jacuinde*, 600 F.3d at 1217. These two routes are independent. *See id.* (noting that only the "drug trafficking crime" route was at issue in that case).

**[5]** Therefore, to the extent Daas argues that the phrase "including a drug trafficking crime" only applies to drug trafficking crimes for controlled substances (as opposed to listed chemicals), our case law is to the contrary. It makes clear that the two phrases provide independent definitions of "aggra-

vated felony," and that either definition will suffice. *See id.*; *Rendon*, 520 F.3d at 974.

**[6]** As the BIA held, and Daas concedes, 21 U.S.C. § 841(c)(2) is a felony punishable under one of the three federal drug laws listed in section 924(c)(2)—the CSA. It therefore constitutes a "drug trafficking crime" and is an aggravated felony, regardless of whether ephedrine and pseudoephedrine are "controlled substances."[4]

**PETITION FOR REVIEW DISMISSED.**

---

[4]Indeed, the Supreme Court has noted that a few crimes do not fit neatly into the definitions of "illicit trafficking in a controlled substance" or "drug trafficking," yet "clearly fall within the definitions used by Congress" in § 1101(a)(43)(B). *See Lopez*, 549 U.S. at 55 n.6 (noting that certain possession offenses such as possession of cocaine base and recidivist possession under 21 U.S.C. § 844(a) constitute aggravated felonies, despite the fact that possession offenses are not ordinarily considered "illicit trafficking," because these crimes fall under the statutes enumerated in § 924(c)(2)).