**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILMOUR WORTHINGTON MCPHERSON,<br><br>           Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 09-70655<br><br>Agency No. A034-074-291<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued September 14, 2010
Submitted December 22, 2010
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and MILLS,** Senior District
Judge.

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

Following oral argument, we deferred submission of this case pending resolution of the petition for rehearing en banc in *Ledezma-Galicia v. Holder*, 599 F.3d 1055 (9th Cir. 2010). Because the court did not grant rehearing en banc, the case has now been submitted. We have jurisdiction under 8 U.S.C. § 1252(a)(1), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, div. B, 119 Stat. 231 (May 11, 2005).

Petitioner Wilmour W. McPherson is a native and citizen of Belize. A 2008 arrest in California brought McPherson to the attention of the Department of Homeland Security (DHS), based on his 1985 convictions on two counts of attempted murder. McPherson was served with a Notice to Appear charging him with removability as an aggravated felon, pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because of those convictions.

The immigration judge (IJ) found McPherson removable for having committed an aggravated felony in the form of an attempted murder offense and an attempted crime of violence. The IJ further found that McPherson was not eligible for any other forms of relief and ordered him removed to Belize. The Board of Immigration Appeals (BIA) found that the IJ committed no error and dismissed the appeal.

Although the court generally has jurisdiction under 8 U.S.C. § 1252 to review the BIA's final removal order, we lack jurisdiction to review an order of removal

2

against an alien who is removable for having committed an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). However, the court retains jurisdiction to determine its jurisdiction, including the determination of whether an offense is an aggravated felony under the INA. *See Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir. 2010).

The court's review is limited to the decision of the BIA, except to the extent that the BIA incorporates the IJ's decision as its own, in which case the IJ's decision is treated as that of the BIA and is reviewed. *See Becker v. Gonzales*, 473 F.3d 1000, 1001 n.2 (9th Cir. 2007). The court reviews *de novo* legal questions and mixed questions of law and fact. *See Hovey v. Ayers*, 458 F.3d 892, 900 (9th Cir. 2006).

The Attorney General contends that McPherson's attempted murder conviction constitutes an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(A), and is therefore grounds for removal under 8 U.S.C. § 1227(a)(2)(A)(iii). McPherson asserts that ground of removal does not apply to convictions that occurred prior to November 18, 1988.

McPherson's conviction occurred before the enactment of the Anti-Drug Abuse Act of 1988 (ADAA), Pub. L. No. 100-690, 102 Stat. 4181, which amended the Immigration and Nationality Act (INA). In *Ledezma-Galicia v. Holder*, __ F.3d __, 2010 WL 5174979 (9th Cir. Dec. 22, 2010), we noted that the ADAA "created the category of crimes denominated 'aggravated felonies,' and provided that any alien

3

who was convicted of an 'aggravated felony' at any time after entering the United States was subject to deportation." *Id*. at *2 (internal citations omitted). A temporal limitation in the ADAA limited aggravated felony deportations to post-ADAA convictions. *See id*.

The court in *Ledezma-Galicia* examined subsequent amendments to the INA, such as the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, div. C, 110 Stat. 3009-546, and concluded that "the ADAA's temporal limitation remains in effect as an exception to other temporal provisions enacted later," precluding the deportation of an individual convicted prior to the enactment of the ADAA. *See Ledezma-Galicia*, __ F.3d __, 2010 WL 5174979, at *2-3.

We conclude that McPherson is not removable by reason of being an aggravated felon because 8 U.S.C. § 1227(a)(2)(A)(iii) does not apply to convictions, like McPherson's, that occurred before November 18, 1988. Accordingly, we will grant the petition and remand the case to the BIA.

**GRANTED** and **REMANDED.**