**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SALVADOR VILLANUEVA-PEREZ, | No. 09-73902 |
| Petitioner, | Agency No. A036-908-040 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2012**
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Petitioner Salvador Villanueva-Perez petitions for review of the Board of

Immigration Appeals's order dismissing his appeal and affirming the Immigration

Judge's decision. The Immigration Judge found Villanueva-Perez removable and

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

ineligible for relief. Villanueva-Perez argues that he is eligible for both cancellation of removal, 8 U.S.C. § 1229b(a), and adjustment of status, 8 U.S.C. § 1255(a). We deny Villanueva-Perez's petition for review.

Villanueva-Perez was admitted to the United States as a lawful permanent resident in 1981. After receiving LPR status, he was convicted of three criminal offenses. In 1991, he pleaded guilty to second degree robbery, an aggravated felony. In 1998, he pleaded guilty to willful infliction of corporal injury to his spouse. Then, in 2004, he pleaded nolo contendere to willful cruelty to a child.

Based on the 1998 conviction, Immigration and Customs Enforcement charged Villanueva-Perez as removable under Immigration and Nationality Act (INA) § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), as an "alien who at any time after admission is convicted of a crime of domestic violence." As relief from removal, Villanueva requested either adjustment of status based on his marriage to a U.S. citizen or cancellation of removal. Villanueva also requested a § 212(c) waiver for his 1991 robbery conviction and two § 212(h) waivers for his 1998 and 2004 convictions.

Villanueva-Perez raises two legal questions regarding his eligibility for cancellation of removal and waivers of inadmissibility under INA §§ 212(c), (h). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law

2

raised in removal proceedings upon a petition for review. Questions of law include not only issues of statutory interpretation but also the application of law to undisputed facts. *Ramadan v. Gonzales*, 479 F.3d 646, 648, 650 (9th Cir. 2007) (per curiam). We review the BIA's determination of purely legal questions *de novo*. *Mendoza v. Holder*, 606 F.3d 1137, 1140 (9th Cir. 2010); *see also Camacho-Cruz v. Holder*, 621 F.3d 941, 942 n.1 (9th Cir. 2010) (reviewing *de novo* legal determinations regarding alien's eligibility for cancellation of removal).

## I. Cancellation of Removal

Villanueva-Perez is statutorily ineligible to receive cancellation of removal. To qualify for cancellation of removal, an LPR, such as Villanueva-Perez, must meet three statutory requirements. 8 U.S.C. § 1229b(a). First, the LPR must be admitted to the United States in any status for seven continuous years of residence. *Id.* § 1229b(a)(2). Second, he must be admitted as an LPR for at least five years. *Id.* § 1229b(a)(1). And third, he cannot have any aggravated felony convictions. 8 U.S.C. § 1229b(a)(3); *see also Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1216 n.2 (9th Cir. 2010) ("Conviction of an aggravated felony renders an alien removable and ineligible for cancellation of removal.").

Under 8 U.S.C. § 1229b(c)(6), cancellation of removal is unavailable to "[a]n alien . . . who has been granted relief under [former § 212(c)] of this title." This provision denies cancellation of removal to any alien who has ever received a § 212(c) waiver, "even if the waiver of deportation was granted in the same proceeding in which cancellation of removal is sought." *Garcia-Jimenez v. Gonzales*, 488 F.3d 1082, 1084 (9th Cir. 2007).

Villanueva-Perez argues that, when read together, § 1229b(a) and § 1229b(c)(6) impose an impermissible retroactive effect on him because he pleaded guilty in 1991 to second degree robbery—an aggravated felony—with a "settled expectation" that he would remain eligible for a waiver of deportability or inadmissibility. He further asserts that §§ 1229b(a), (c)(6) attach new legal consequences to his guilty plea rendering him ineligible for relief from removal, which was previously available via former § 212(c).

We have previously held that Congress clearly expressed its intent that § 1229b(c)(6) should apply retrospectively, and that this section does not impose an impermissible retroactive effect on LPRs who previously received a § 212(c) waiver. *Maldonado-Galindo v. Gonzales*, 456 F.3d 1064, 1067 (9th Cir. 2006).

Furthermore, under *INS v. St. Cyr*, 533 U.S. 289 (2001), Villanueva-Perez remains eligible for discretionary relief from deportation under former § 212(c) for

4

his 1991 robbery conviction. However, despite *St. Cyr*'s holding, Villanueva-Perez was convicted of two additional offenses after Congress repealed former § 212(c) and expanded the list of aggravated felonies—including the conviction that forms the basis of his deportability. Therefore, when Villanueva-Perez pleaded guilty to these two offenses in 1998 and 2004, he had no "vested rights" to a § 212(c) waiver of deportability for these convictions.

In *Becker v. Gonzales*, 473 F.3d 1000 (9th Cir. 2007), we explained that if an alien was eligible for a discretionary waiver of deportation when he pleaded guilty to an offense, he should remain eligible post-IIRIRA for a waiver *for that conviction*. *Id*. An alien with multiple criminal convictions, however, only remains eligible for a former § 212(c) waiver if he was entitled to that waiver when he entered his plea. *Id.* Villanueva-Perez, like Becker, was convicted of two offenses after IIRIRA's effective date. Therefore, when he entered pleas in 1998 and 2004, he could not have harbored realistic expectations that he was eligible for waivers of deportability or inadmissibility for all three convictions. Section 212(c) is not applicable to these two aggravated felony convictions, and thus Villanueva-Perez is not eligible for cancellation of removal.

## II. Adjustment of Status

Villanueva-Perez also does not qualify for adjustment of status. To be eligible for adjustment of status, an alien must demonstrate admissibility to the United States. 8 U.S.C. § 1255(a)(2). However, "any alien convicted of . . . a crime involving moral turpitude . . . is [per se] inadmissible."
8 U.S.C. § 1182(a)(2)(A)(i)(I). Villanueva was convicted of three crimes involving moral turpitude and is therefore inadmissible to the United States.

An alien may overcome certain grounds of inadmissibility with a waiver under INA § 212(h). Pursuant to this provision, the Attorney General may, in his discretion, waive certain grounds of inadmissibility if removing the alien would cause "extreme hardship" to relatives who are U.S. citizens or LPRs. 8 U.S.C. § 1182(h)(1)(B). Eligible aliens may also seek a waiver under former § 212(c) in conjunction with an application to adjust status "to waive a ground of inadmissibility that would otherwise bar the alien from establishing eligibility to adjust his or her status." *In re Azurin*, 23 I. & N. Dec. 695, 697 (BIA 2005). The Attorney General, however, cannot grant a § 212(h) waiver to an alien "who has previously been admitted to the United States as an [LPR] . . . if. . . since the date of such admission the alien has been convicted of an aggravated felony." *Id.* at § 1182(h); *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054-55 (9th Cir.

6

2005) (noting that "in § 348(b) of the IIRIRA, Congress not only made aliens convicted of aggravated felonies ineligible for these [§ 212(h)] waivers, but expressly made this change retroactive.").

Villanueva-Perez argues that, despite his aggravated felony conviction, he remains eligible for a waiver of inadmissibility under § 212(h). He asserts that a § 212(c) waiver would "render[] the robbery offense inapplicable" to his eligibility for a § 212(h) waiver, essentially expunging the 1991 robbery conviction from his record for all immigration purposes.

We disagree with Villanueva-Perez's reading of the statute because on its face 8 U.S.C. § 1182 precludes aggravated felons from obtaining a § 212(h) waiver of inadmissibility. Similarly, his argument that via § 212(c) he can waive his 1991 aggravated felony conviction for all immigration purposes to "clear the way for him to apply for a § 212(h) waiver" lacks support in this court's precedent. Even when an alien qualifies for relief under former § 212(c), "the crimes alleged to be grounds for deportability [or inadmissibility] do not disappear from the alien's record for immigration purposes." *Becker*, 473 F.3d at 1004 (quoting *In re Balderas*, 20 I&N Dec. 389, 391 (BIA 1991)); *see also Molina-Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir. 1993) (per curiam) ("A waiver of deportation gives the alien a chance to stay in the United States despite his misdeed, but it does not

7

expunge the conviction."). Even though Villanueva-Perez remains eligible for a § 212(c) waiver for his 1991 robbery conviction, that conviction remains an aggravated felony, and statutorily bars him from simultaneously receiving § 212(h) waivers of inadmissibilty or qualifying for adjustment of status.

**PETITION FOR REVIEW DENIED.**