FILED

OCT 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON ACOSTA-ROQUE, AKA Victor Antonio Pecheca-Aromboles, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-70705 Agency No. A073-523-551 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 10, 2012
Las Vegas, Nevada

Before: ARNOLD**, RAWLINSON, and BYBEE, Circuit Judges.

Nelson Acosta-Roque petitions for review of a final order by the Board of

Immigration Appeals (BIA) finding him removable as a "criminal alien." *See*

8 U.S.C. § 1182(a)(2). He challenges the BIA's factual finding that he is Victor

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The Honorable Morris S. Arnold, Senior Circuit Judge for the Eighth
Circuit, sitting by designation.

Antonio Pecheca-Aromboles, who was convicted in 1991 of delivery of a controlled substance in Pennsylvania and removable for that conviction.

We have jurisdiction over the removal of criminal aliens only as to issues involving "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(C), (a)(2)(D).  But we retain jurisdiction to determine our jurisdiction, which in this case requires us to review the BIA's finding that Mr. Acosta-Roque is a criminal alien.  *See Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir. 2010).  In so doing, we must determine whether substantial evidence supported the BIA's finding "by clear and convincing evidence" that Mr. Acosta-Roque and Mr. Pecheca-Aromboles are the same person.  *See* 8 U.S.C. §§ 1229a(c)(3)(A), 1252(b)(4)(B); *Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir. 2004).

Mr. Acosta-Roque argues that the BIA's reliance on fingerprint evidence to determine his identity was error.  But he has given us no reason to disturb the BIA's determination, given that scientists and courts have regarded such evidence as reliable for upwards of a century.  *See United States v. Calderon-Segura*, 512 F.3d 1104, 1108-09 (9th Cir. 2008).  When, as here, the fingerprints "were exemplars taken under controlled circumstances and were complete, not fragmented," fingerprint evidence is in fact highly reliable.  *Id*. at 1109.  Although the fingerprint examiner in this case may have been less than cautious in her

2

testimony, the immigration judge and the BIA did not err in relying upon it, given the examiner's experience and the fact that another technician corroborated the findings. Mr. Acosta-Roque has not shown that "no reasonable factfinder" would find that the government proved by clear and convincing evidence that he was a criminal alien under § 1182(a)(2). *See Nakamoto*, 363 F.3d at 881-82. Therefore, because Mr. Acosta-Roque's petition concerns neither a question of law nor a constitutional claim, we do not have jurisdiction to review the BIA's final order of removal.

DISMISSED FOR LACK OF JURISDICTION.