**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROHAN ANTHONY COOMBS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72922<br><br>Agency No. A037-333-016<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 9, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Rohan Anthony Coombs, a Jamaican citizen, petitions for review of a

decision of the Board of Immigration Appeals dismissing an appeal from an order

of removal entered by an immigration judge based upon a finding that Coombs is

an alien convicted in California state court of possession of marijuana with intent

to sell, an aggravated felony. Because (1) we lack jurisdiction to review his

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

collateral attack upon his underlying state conviction and (2) neither his partial completion of the naturalization process nor his military service conferred nationality upon him, we DISMISS in part and DENY in part his petition for review.

First, Coombs argues that his underlying 2008 California criminal conviction was unconstitutional because his defense lawyer failed to inform him of the immigration consequences of his plea agreement.[1] We determine that we lack jurisdiction to consider the merits of this claim because it functions as an impermissible collateral attack upon his conviction. *Lopez-Jacuinde v. Holder,* 600 F.3d 1215, 1217 (9th Cir. 2010) ("[T]his Court retains jurisdiction to determine its jurisdiction."); *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2010) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of a BIA decision); *Urbina-Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir. 1993).

---

[1] We do not take judicial notice of Coombs' California Superior Court filings, including his unsuccessful petition for writ of error coram nobis, in light of 8 U.S.C. § 1252(b)(4)(A) and the fact that neither of the conditions in *Fisher* allowing for the consideration of external evidence were met. *See Fisher v. INS,* 79 F.3d 955, 964 (9th Cir. 1996) (en banc).

Even if we had jurisdiction to consider this argument, Coombs would not prevail.  Because his 2008 conviction took place two years prior to the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010), Coombs' defense attorney had no obligation to inform him of the potential immigration consequences of his plea agreement at that time.  *Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013) (holding that *Padilla* does not have retroactive effect because it announces a new rule of law).

Second, Coombs is subject to removal because he is an alien—neither a citizen nor a national—convicted of an aggravated felony.  A citizen of Jamaica, Coombs nonetheless argues that he is a national of the United States under the Rome Statute of the International Criminal Court (Rome Statute) due to his commencement of the naturalization process and his service in the United States Marine Corps, for which he swore an oath of allegiance to this country.  The United States never ratified, and so is not legally bound by, the Rome Statute; thus, it affords no relief to Coombs.  *See* Rome Statute of the International Criminal Court, July 17, 1998, 2187 U.N.T.S. 90 (entered into force July 1, 2002).

Additionally, our precedent precludes Coombs' second claim.  He is not a national, despite his military service, because he failed to complete the naturalization process.  *Reyes-Alcaraz v. Ashcroft,* 363 F.3d 937, 940 (9th Cir.

3

2004) (reinforcing *Perdomo-Padilla* by declaring that neither service in the United States military nor the taking of an oath of allegiance transforms an alien into a United States national); *Perdomo-Padilla v. Ashcroft,* 333 F.3d 964, 972 (9th Cir. 2003) (holding that an alien only becomes a national through birth or completion of the naturalization process).

For the reasons set forth above, Coombs is an alien, and, in light of his aggravated felony drug conviction, he is removable without discretion. 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i).

Petition for review DISMISSED in part and DENIED in part.