**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENATO ROMERO-FRISBY, AKA
Renato Romero Frisby,

　　　　　Petitioner,

　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　Respondent.

No. 09-73093

Agency No. A041-317-867

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

　　Renato Romero-Frisby petitions for review of a BIA determination that

Romero is removable and ineligible for withholding of removal.  We affirm the

BIA and dismiss the petition for lack of jurisdiction.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Romero's conviction under Arizona law for attempted possession of methamphetamine with the intent to sell, Ariz. Rev. Stat. §§ 13-1001, 13-3407(A)(2), is a drug trafficking crime and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Possession of methamphetamine with the intent to sell is categorically a drug trafficking crime because it is a "felony punishable under the Controlled Substances Act [CSA]." 18 U.S.C. § 924(c)(2); 21 U.S.C. §§ 802(8), 802(11), 841(a)(1), (b)(1)(C). The CSA criminalizes any attempt to violate its prohibitions, 21 U.S.C. § 846, and "Arizona's definition of attempt is coextensive with the federal definition." *United States v. Gomez*, 732 F.3d 971, 984 n.10 (9th Cir. 2013); *see also United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th Cir. 2012); *United States v. Taylor*, 529 F.3d 1232, 1238 (9th Cir. 2008). Although these cases arose in the criminal context, "where a statute 'has both criminal and noncriminal applications,' the statute should be consistently interpreted in both criminal and noncriminal, *i.e.*, immigration, applications." *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 n.3 (9th Cir. 2004) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004)). Because the CSA criminalizes "attempt," 21 U.S.C. § 846, it is irrelevant that the government did not reallege that Romero was removable under 8 U.S.C. § 1101(a)(43)(U).

Because Romero was convicted of an aggravated felony, we lack jurisdiction to review the agency's order of removal. 8 U.S.C. § 1252(a)(2)(C); *Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir. 2010).

**PETITION DISMISSED**.