**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR MANUEL SANTANA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-73033

Agency No. A019-988-422

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2014
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and GARBIS, Senior
District Judge.[**]

Oscar Santana (Santana), a native and citizen of Mexico, petitions for review

of an order of the  Board of Immigration Appeals (BIA) holding that Santana was

removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

aggravated felony (illicit trafficking in a controlled substance), and pursuant to 8 U.S.C. § 1227(a)(2)(B)(I), as an alien convicted of violating a law related to a controlled substance.

Santana challenges the immigration judge's (IJ's) amendment to the notice to appear to include the words "on or about" a certain date, asserting that the amendment violated 8 C.F.R. §§ 1003.30 and 1240.10(e). However, we will not grant relief on petitioner's "allegations that an agency has violated its own regulation . . . [unless the petitioner can] show that he was prejudiced by the agency's mistake . . . ." *Kohli v. Gonzales*, 473 F.3d 1061, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted). Because Santana "has not shown, and on this record cannot show, that the alleged defect obscured the charges against [him] or obstructed [his] ability to respond to the charges . . . the alleged defect was not prejudicial." *Id.* at 1068-69.

Santana also argues that the record of conviction was not included in the administrative record. This argument is belied by the record.

The charges of removability required the Department of Homeland Security (DHS) only to prove that Santana was convicted after his admission to the United States. *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i). The conviction records submitted by DHS included Santana's Guilty Plea to and Judgment of Conviction for knowingly using a telephone to facilitate a conspiracy to possess and distribute

methamphetamine, in violation of 21 U.S.C. § 843(b). These documents adequately established Santana's conviction of a law relating to a controlled substance that occurred well after his admission. *See* 8 U.S.C. § 1229a(c)(3)(B). Moreover, a conviction for violating 21 U.S.C. § 843 is categorically an aggravated felony. *See Daas v. Holder*, 620 F.3d 1050, 1054 (9th Cir. 2010).

Finally, Santana challenges the BIA's conclusion that he failed to meet the requirements for termination of removal proceedings under 8 C.F.R. § 1239.2(f). An alien must secure an affirmative statement from the DHS confirming the alien's prima facie eligibility to naturalize before the IJ may terminate the proceedings. *See In re Hidalgo*, 24 I&N Dec. 103, 105-06 (BIA 2007); *see also Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 934 (9th Cir. 2007). Santana contends that the 1996 order administratively closing his naturalization application is an affirmative statement of his prima facie eligibility. We disagree. The regulation requires an affirmative statement from the DHS. *See Hernandez de Anderson*, 897 F.3d at 934. Nothing in the 1996 order approximates the required affirmative statement.

**PETITION DENIED**.