**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTOBAL ACEVEDO, | No. 11-72584 |
| Petitioner, | Agency No. A029-549-846 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| CRISTOBAL ACEVEDO, | No. 12-70646 |
| Petitioner, | Agency No. A029-549-846 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 3, 2015[]
Pasadena California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Cristobal Acevedo petitions for review of the Board of Immigration Appeals' ("BIA") decision (1) affirming the Immigration Judge's ("IJ") order finding that Acevedo is removable and ineligible for cancellation of removal based on his conviction under 21 U.S.C. § 856(a)(2), which is categorically an aggravated felony and (2) denying Acevedo's motion to reopen or reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

Under 8 U.S.C. § 1101(a)(43)(B), an aggravated felony is defined as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." There are "two possible routes [under § 1101(a)(43)(B)] to qualify as an aggravated felony." *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008). A person can commit an aggravated felony (1) under the phrase "illicit trafficking in a controlled substance," if the underlying crime "contains a trafficking element" or (2) under the phrase "drug trafficking crime[,] . . . if it would be punishable as a felony under the federal drug laws." *Id.* A "drug trafficking crime," defined under

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 924(c)(2), includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Section 856 of Title 21 is a drug trafficking crime under 18 U.S.C. § 924(c)(2), because it is a felony under the Controlled Substances Act, *see* 21 U.S.C. § 856(b) (providing that the penalty for violation is "not more than 20 years").

The fact that a conviction under 21 U.S.C. § 856(a)(2) may include conduct not ordinarily considered to be "drug trafficking" does not preclude it from being a categorical match to an aggravated felony. *See Lopez v. Gonzales*, 549 U.S. 47, 55 n.6 (2006); *Daas v. Holder*, 620 F.3d 1050, 1054 n.4 (9th Cir. 2010). Therefore, the BIA did not err in concluding that Acevedo's conviction qualified as an aggravated felony, precluding cancellation of removal.[1]

The BIA did not abuse its discretion in denying Acevedo's motion to reopen or reconsider. The BIA determined that the "true" facts of Acevedo's conviction were not relevant, because 21 U.S.C. § 856(a)(2) was categorically an aggravated felony. Thus, the conduct to which Acevedo pleaded guilty was not relevant.

---

[1] We requested supplemental briefing as to whether the IJ erred in ruling Acevedo's conviction constituted an aggravated felony, under the law of the case doctrine or on the basis of waiver, estoppel, or due process. After reviewing the supplemental briefs, we find that the government's change of mind whether to assert that Acevedo committed an aggravated felony did not prevent the IJ from making that finding.

Section 856(a)(2) is a felony under the Controlled Substances Act, therefore there is no basis to look beyond the language of the statute. *See* 18 U.S.C. § 924(c)(2).

**PETITIONS FOR REVIEW DENIED.**