NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO ANDRADE HERNADEZ, AKA Alfonso Andrade Hernandez,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    15-71393<br><br>Agency No. A092-049-270<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Alfonso Andrade Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision ordering removal. We have jurisdiction under 8

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law. *Lopez-Jacuinde v. Holder,* 600 F.3d 1215, 1217 (9th Cir. 2010). We deny the petition for review.

The agency correctly determined that Hernandez's conviction under California Health and Safety Code § 11378, for possession for sale of methamphetamine, is a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Cabantac v. Holder,* 736 F.3d 787, 793-94 (9th Cir. 2013) (per curiam) (where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count"); *Rendon v. Mukasey,* 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). The criminal complaint, change of plea form, and change of plea minutes, read in conjunction, establishes that the substance at issue was methamphetamine.

Hernandez's contention that his no contest plea is insufficient to establish a factual basis for his plea is foreclosed by this court's precedent. *See Cabantac,* 736 F.3d at 794 ; *United States v. Valdavinos-Torres,* 704 F.3d 679, 686-89 (9th Cir. 2012).

The agency did not err in determining that Hernandez's drug trafficking offense is presumptively a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B); *Miguel-Miguel v. Gonzales,*

2                                                                      15-71393

500 F.3d 941, 947-49 (9th Cir. 2007); *Matter of Y-L-*, 23 I. & N. Dec. 270 (Op. Att'y Gen. 2002) (creating a strong presumption that a drug trafficking offense resulting in a sentence of less than five years is a "particularly serious crime").

Because these determinations are dispositive, we do not reach Hernandez's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**