**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIN CHANG CHEN, AKA Ivy Chang Chen, | No. 13-73786 |
| Petitioner, | Agency No. A042-556-998 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2017**
Submission Vacated April 4, 2017
Resubmitted September 7, 2018
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and SHEA,*** District Judge.

Min Chang Chen, a native and citizen of the People's Republic of China,

and a lawful permanent resident of the United States, petitions for review of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision of the Board of Immigration Appeals ("BIA") affirming the denial by the immigration judge ("IJ") of her applications for asylum and withholding of removal, as well as the BIA's dismissal of Chen's ineffective assistance of counsel claim. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition.

1. We lack jurisdiction to review any final order of removal against a noncitizen who is removable by reason of having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(C). "Nevertheless, we retain jurisdiction to determine our jurisdiction; that is, we have jurisdiction to determine whether an offense is an aggravated felony under the INA." *Daas v. Holder*, 620 F.3d 1050, 1053 (9th Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(C)).

Chen was convicted of an aggravated felony. Chen pleaded no contest to cultivation of marijuana in violation of California Health and Safety Code ("CHSC") § 11358 (2011), *amended by* Initiative Measure (Prop. 64, § 8.2, approved Nov. 8, 2016, eff. Nov. 9, 2016). At the time of her conviction, a violation of CHSC § 11358 was punishable "by a term of imprisonment in a county jail for 16 months, or two or three years." Cal. Penal Code ("CPC") § 1170(h). Because Chen's conviction was punishable "by imprisonment for more than one year under any law of . . . a State," her conviction qualified as a "felony drug offense" within the meaning of the Controlled Substances Act. 21 U.S.C. §

802(44). Any felony punishable under the Controlled Substances Act is a "drug trafficking crime." 18 U.S.C. § 924(c)(2). Thus, Chen's conviction was an aggravated felony as defined in the Immigration and Naturalization Act. 8 U.S.C. § 1101(a)(43)(B) ("The term 'aggravated felony' means . . . illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Marijuana is a controlled substance. 21 U.S.C. § 812, Schedule I, (c)(10).

Because we conclude that Chen was convicted of an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(B), we lack jurisdiction to review the BIA's order of removal to the extent that it reflects Chen's removability for having committed an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). Accordingly, we lack jurisdiction to review Chen's asylum claim. *See* 8 U.S.C. § 1158(b)(2)(B)(i).

2. "[D]etermining whether a crime is particularly serious is an inherently discretionary decision, and we will review such decisions for abuse of discretion." *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam), *as amended* (Nov. 9, 2012). Under this standard of review, "we may disturb the BIA's ruling if the BIA acted arbitrarily, irrationally, or contrary to law." *Alphonsus v. Holder*, 705 F.3d 1031, 1043 (9th Cir. 2013) (internal quotation marks omitted).

The BIA did not abuse its discretion when it affirmed the IJ's conclusion that Chen had been convicted of a particularly serious crime. The BIA reasoned that even if new evidence demonstrated that Chen did not own the involved property, the other reasons the IJ relied upon were "sufficient" to conclude that Chen had been convicted of a particularly serious crime. The BIA reasoned that "the seriousness and recency of the respondent's criminal offense and the large quantity of marijuana plants involved" were sufficient to make the crime particularly serious. We conclude that the BIA's conclusion was not arbitrary, irrational, or contrary to law.

Because the BIA did not abuse its discretion in affirming the IJ's determination that Chen had been convicted of a particularly serious crime, we dismiss her claim for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii).

3.     We lack jurisdiction to consider Chen's claim that she suffered ineffective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010) (holding that "when the deportation consequence [of a particular plea] is truly clear, as it was in this case, the duty to give correct advice is equally clear"), because her criminal defense lawyer failed to advise her that pleading no contest to an aggravated felony "meant virtually automatic, unavoidable deportation." *United States v. Kwan*, 407 F.3d 1005, 1015 (9th Cir. 2005) (internal quotation

mark omitted), *abrogated by Padilla*, 559 U.S. at 369–74. Chen's claim is not properly before us because it is well established that "[a] petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011). Chen's "conviction was final as presented to the BIA, and the question of its validity under California law is not before us." *Id.* Accordingly, if Chen's claim of ineffective assistance of counsel is to be addressed on the merits, it must be by application for a writ of error coram nobis in California state court pursuant to CPC § 1473.7, or any other postconviction remedy that may be available to her.

**DENIED.**

5