**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

OCT 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADE ADEMOLA LAWRENCE, | No. 23-3557 |
| Petitioner, | Agency No. A099-286-803 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2024[**]

Before:     SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Ade Ademola Lawrence, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him removable.  We have jurisdiction under

8 U.S.C. § 1252.  We review de novo questions of law, including whether a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction is an aggravated felony. *Valdez v. Garland*, 28 F.4th 72, 76-77 (9th Cir. 2022). We deny the petition for review.

Because Lawrence's conviction for conspiracy to possess, aboard an aircraft, with intent to distribute five kilograms or more of cocaine in violation of sections 959(b)(1), 960(b)(1)(B)(ii), and 963 of the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., is a felony punishable under one of the federal drug laws listed in 18 U.S.C. § 924(c)(2), it is a "drug trafficking crime" and thus an aggravated felony rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Daas v. Holder*, 620 F.3d 1050, 1054 (9th Cir. 2010); 8 U.S.C. § 1101(1)(43)(B) (an aggravated felony includes a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)); 18 U.S.C. § 924(c)(2) (a "drug trafficking crime" includes any felony punishable under the Controlled Substances Import and Export Act).

**PETITION FOR REVIEW DENIED.**