**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LUIS ANTONIO PELAYO-GARCIA,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,

                    *Respondent.*

No. 05-70929

Agency No.
A090-975-343

OPINION

On Petition for Review of an Order
of the Board of Immigration Appeals

Argued November 19, 2008
Submitted December 3, 2009
San Francisco, California

Filed December 14, 2009

Before: John T. Noonan, Andrew J. Kleinfeld and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

16441

## COUNSEL

Lilia G. Alcaraz, the Martinez-Senftner Law Firm PC and Gloria P. Martinez-Senftner (argued), the Martinez-Senftner Law Firm PC, for the petitioner.

Peter D. Keisler, United States Department of Justice; Michelle Gordon Latour, United States Department of Justice; Jennifer J. Keeney, United States Department of Justice; and Erica Miles (argued), United States Department of Justice, for the respondent.

## OPINION

IKUTA, Circuit Judge:

This case presents the question whether the offense of "unlawful sexual intercourse with a minor" under section 261.5(d) of the California Penal Code meets the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(A), which includes "sexual abuse of a minor." We conclude it does not.

I

Luis Antonio Pelayo-Garcia, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming a final order of removal. Pelayo entered the United States in 1985 without inspection. In 1996, the Immigration and Naturalization Service (INS) served him with an order to show cause that alleged he was a deportable alien. Pelayo appeared before an immigration judge (IJ) and conceded deportability. The IJ granted suspen-

sion of deportation on a conditional basis (as permitted under the then-current version of 8 CFR § 240.21), and in September 1998 the IJ granted Pelayo suspension of deportation and adjustment of status. After this order was issued, the government discovered that in December 1997, Pelayo had been convicted of the offense of unlawful sexual intercourse with a minor under section 261.5(d) of the California Penal Code. The government thereupon filed a motion to reopen, arguing that Pelayo's conviction constituted an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(A), which made Pelayo removable and statutorily ineligible for suspension of deportation under 8 U.S.C. § 1227(a)(2)(A)(iii).

The IJ granted the government's motion to reopen and held additional hearings, at which Pelayo admitted that he had been convicted under section 261.5(d), but denied that it constituted an aggravated felony. Based on our then current case law, the IJ concluded that the conviction under section 261.5(d) constituted an aggravated felony. Because of this conviction, Pelayo could neither satisfy the good moral character requirements for suspension of deportation nor qualify for voluntary departure. *See* 8 U.S.C. §§ 1101(f)(8), 1229c(a)(1). In March 2004, the IJ denied Pelayo's applications for suspension of deportation and for voluntary departure, and ordered Pelayo removed to Mexico. The BIA affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). Pelayo timely filed this petition for review.

## II

Because Pelayo was placed in deportation proceedings before April 1, 1997, and a final order of deportation was entered after October 30, 1996, the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) are applicable to Pelayo's petition for review. *Cardenas-Uriarte v. INS*, 227 F.3d 1132, 1135 n.1 (9th Cir. 2000). Under the REAL ID Act of 2005, Pub. L. No. 109-13,

§ 106(d), 119 Stat. 231, 311 (2005) (codified as amended at 8 U.S.C. § 1252), the judicial review scheme in 8 U.S.C. § 1252 applies to cases governed by IIRIRA's transitional rules. *See Sotelo v. Gonzales*, 430 F.3d 968, 970 (9th Cir. 2005). Accordingly, we have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA cites *Matter of Burbano* and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety. *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir. 2008). Under these circumstances, we review the IJ's decision as if it were the decision of the BIA. *Id.* at 491. We review legal questions addressed by the IJ de novo. *Id.*

## III

Pelayo argues that his conviction for the offense of unlawful sexual intercourse in violation of California Penal Code section 261.5(d) is not a conviction for "sexual abuse of a minor," and therefore is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). We analyze this issue using the categorical and modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990) and *Shepard v. United States*, 544 U.S. 13, 20-21 (2005). *See Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1081-82 (9th Cir. 2008).

**[1]** "Under the categorical approach, we 'compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition.' " *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) (quoting *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007)). Here, we must first identify the elements of the generic federal crime of "sexual abuse of a minor" under § 1101(a)(43)(A). *See id.* We have set out two different generic federal definitions of "sexual abuse of a minor." *See United States v. Medina-Villa*, 567 F.3d 507, 514 (9th Cir. 2009); *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc).

First, in *Estrada-Espinoza*, we explained that for purposes of § 1101(a)(43)(A), "Congress has enumerated the elements of the offense of 'sexual abuse of a minor' at 18 U.S.C. § 2243." 596 F.3d at 1152. Section 2243 states, in pertinent part:

> Whoever . . . knowingly engages in a sexual act with another person who—
>
> (1) has attained the age of 12 years but has not attained the age of 16 years; and
>
> (2) is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C. § 2243(a). The mens rea of "knowingly" in § 2243(a) is limited by 18 U.S.C. § 2243(d), which states: "In a prosecution under [§ 2243(a)], the Government need not prove that the defendant knew—(1) the age of the other person engaging in the sexual act; or (2) that the requisite age difference existed between the persons so engaging." *Id.* § 2243(d). Because the mens rea requirement of "knowingly" does not apply to knowledge of the victim's age, or the age difference between the defendant and the victim, it can apply only to the defendant's act of engaging in a sexual act. *Cf. United States v. Jennings*, 496 F.3d 344, 355 (4th Cir. 2007) (holding that 18 U.S.C. § 2244(a) "required the government to prove, as an element of the offense, that [the defendant] knowingly engaged in or caused sexual contact with [the victim.]" (internal quotation marks and alterations omitted)). Although § 2243(a) does not spell out the situations in which a person might fail to meet this mens rea requirement, presumably a jury could find that a defendant who was extremely intoxicated or otherwise incapacitated did not knowingly engage in a sexual act. Accordingly, under *Estrada-Espinoza*, 546 F.3d at 1152, a statute of conviction qualifies as the generic offense of "sexual abuse of a minor" if it includes the

following elements: (1) a mens rea of "knowingly" (as to engaging in the act); (2) a sexual act (3) with a minor who is at least 12 but not yet 16 years of age; and (4) an age difference of at least four years between the defendant and the minor.

**[2]** *Medina-Villa* subsequently distinguished *Estrada-Espinoza* on the ground that § 2243 "encompassed statutory rape crimes only," and therefore was not the only federal generic definition of "sexual abuse of a minor." 567 F.3d at 515*; see also id.* at 515 ("§ 2243 was intended by *Estrada-Espinoza* to define only statutory rape crimes."). Statutory rape crimes are "sexual offenses involving older as well as younger adolescents, not crimes prohibiting conduct harmful to younger children specifically[.]" *Id.* This category of sexual offenses does not include "physical or psychological harm" to a child. *Id.* at 513-14.

Under *Medina-Villa*, a crime may also qualify as the federal generic offense of "sexual abuse of a minor" if it meets the definition set forth in *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) and other cases preceding *Estrada-Espinoza*.[1] *See Medina-Villa*, 567 F.3d at 515 ("[g]iven that our holding [in *Estrada-Espinoza*] was intended to define statutory rape laws only, *Estrada-Espinoza* in no way undermines our prior conclusion that '[t]he use of young children for the gratification of sexual desires constitutes abuse.' "). Specifically, a crime that is not a statutory rape crime under *Estrada-Espinoza* may qualify as the federal generic offense of "sexual abuse of a minor" if: (1) the con-

---

[1]Although *Medina-Villa* considered the definition of "sexual abuse of a minor" in the context of criminal sentencing, "decisional law defining the term 'sexual abuse of a minor' in the sentencing context . . . is informed by the definition of the same term in the immigration context . . . and vice versa." *Medina-Villa*, 567 F.3d at 511-12; *see United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003) (relying in the context of criminal sentencing upon cases defining "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(a)).

duct prohibited by the criminal statute is sexual, (2) the statute protects a minor, and (3) the statute requires abuse. *Id.* at 513 (internal quotation omitted). A criminal statute includes the element of "abuse" if it expressly prohibits conduct that causes "physical or psychological harm in light of the age of the victim in question." *Id.* at 513. Sexual conduct involving younger children is per se abusive. *Id.*

After determining the elements of the generic federal crime of sexual abuse of a minor, the next step in the categorical approach is to identify the elements of the specific crime of conviction, *Cerezo*, 512 F.3d at 1166, which in this case is section 261.5(d) of the California Penal Code. This section provides: "Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years." Cal. Penal Code § 261.5(d). The statute defines the term "unlawful sexual intercourse" as "an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor." *Id.* § 261.5(a).

**[3]** On its face, section 261.5(d) contains the following elements: (1) sexual intercourse with another person; (2) the defendant was at least 21 years of age at the time of intercourse; and (3) the other person was under the age of 16 years at the time of intercourse. The statute does not expressly include a scienter requirement, and we have concluded that section "261.5(d) is a strict liability crime that does not require any showing of scienter." *Quintero-Salazar*, 506 F.3d at 694.

**[4]** We next consider whether section 261.5(d) criminalizes the same conduct as the federal generic crime. Starting with *Estrada-Espinoza*, and comparing the elements of section 261.5(d) with the elements of § 2243, we conclude that sec-

tion 261.5(d) criminalizes a broader range of conduct than § 2243 because a defendant could be convicted under section 261.5(d) even if the government failed to prove beyond a reasonable doubt that the defendant "knowingly" engaged in a sexual act. "If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does not qualify as a predicate offense under the categorical approach." *Id.* at 692. Accordingly, we conclude that section 261.5(d) is not categorically an aggravated felony under *Estrada-Espinoza*.

**[5]** The government argues that *People v. Hernandez*, 393 P.2d 673, 677 (Cal. 1964), requires the conclusion that section 261.5(d) contains a scienter element that is equivalent to the scienter element in § 2243. Even if we could depart from *Quintero-Salazar*'s ruling that section 261.5(d) lacks a scienter element, we would disagree. *Hernandez* held that a defendant charged with statutory rape under section 261 of the California Penal Code could present evidence of a good faith belief that the victim was over the age of consent. *Hernandez*, 393 P.2d at 678. We have previously noted that under the rule enunciated in *Hernandez*, a defendant may raise a limited mistake-of-age defense to a conviction under section 261.5(d): "Under California case law, a reasonable belief that the victim was eighteen or older, the age of consent established by Cal. Penal Code § 261.5(a), is a defense, but a reasonable belief that the victim was sixteen, the age under which the most severe punishment attaches to the offense pursuant to Cal. Penal Code § 261.5(d), is no defense." *United States v. Gomez-Mendez*, 486 F.3d 599, 603-04 (9th Cir. 2007) (internal citations and emphases omitted). Contrary to the government's argument, however, the availability of a mistake-of-age defense is not equivalent to the requirement that the government prove that the defendant had the requisite state of mind. *See id.* at 604 (differentiating between elements and defenses); *see also United States v. Davenport*, 519 F.3d 940, 945 (9th Cir. 2008) (agreeing with the Second Circuit that "we have never conflated an affirmative defense as the

functional equivalent of an element of an offense"). Therefore, the existence of this defense does not add a scienter element to section 261.5(d). But even if it did so, the scienter required for a mistake-of-age defense is not the same as the scienter element in § 2243. The government might rebut a mistake-of-age defense by proving that the defendant knew or should have known the age of the minor involved in the offense; this is not the same as proving (under § 2243) that the defendant knowingly engaged in the act of sexual intercourse. Therefore, section 261.5(d) does not require proof of the scienter element in § 2243.

**[6]** We next turn to *Medina-Villa*, and compare the elements of section 261.5(d) with the elements of the federal generic crime of "sexual abuse of a minor" as defined in that case. Section 261.5(d) contains two of the elements identified in *Medina-Villa*, in that it (1) prohibits sexual intercourse with (2) a minor. But section 261.5(d) criminalizes a broader range of conduct than the crime delineated in *Medina-Villa* because a defendant could be convicted under section 261.5(d) even if the government failed to prove beyond a reasonable doubt that the defendant's conduct constituted "abuse." Section 261.5(d) does not expressly include physical or psychological abuse of a minor as an element of the crime. Nor can we hold that section 261.5(d) criminalizes only conduct that is per se abusive, because it is not limited to conduct targeting younger children. *See Medina-Villa*, 567 F.3d at 514 (holding that § 2243, which prohibits sexual conduct with minors who are not yet 16, criminalizes conduct that is not necessarily abusive); *see also United States v. Baza-Martinez*, 464 F.3d 1010, 1012 (9th Cir. 2006) (holding that a statute criminalizing sexual conduct with a minor under sixteen "prohibits conduct that is not necessarily physically or psychologically harmful, and therefore, is not necessarily 'abuse.' "), *cited with approval by Medina-Villa*, 567 F.3d at 513. Accordingly, we conclude that section 261.5(d) is not categorically "sexual abuse of a minor" as defined in *Medina-Villa*.

**[7]** Relying on *Medina-Villa*'s statement that there is "a significant difference" between a victim "under 16" and a victim "between the ages of 16 and 18," 567 F.3d at 514 (quoting *Estrada-Espinoza*, 546 F.3d at 1154), the government argues that section 261.5(d) does meet the definition of sexual abuse of a minor in *Medina-Villa* because it applies to minors under the age of 16. When the quoted language is read in context, however, it does not assist the government. *Estrada-Espinoza* stated that "we acknowledged [in *Valencia v. Gonzales*, 439 F.3d 1046 (9th Cir. 2006)] a significant difference between sexual relations with someone under 16 and sexual relations with someone between the ages of 16 and 18," to support its determination that sexual conduct with older minors is not necessarily abusive. *Estrada-Espinoza*, 546 F.3d at 1154-55; *see Valencia*, 439 F.3d at 1053 (holding that a state statute proscribing sexual conduct with a minor who could be one day shy of 18 was not categorically a crime of violence). *Medina-Villa* then used the same quotation to support the complementary insight: that sexual relations with younger children are significantly different than sexual relations with teenagers. 567 F.3d at 514. But neither *Medina-Villa* nor *Estrada-Espinoza* enunciated a rule that sexual conduct with a minor a day shy of 16 is per se abusive, and indeed such a holding would be contrary to the conclusion in *Medina-Villa* that the conduct criminalized by § 2243 includes non-abusive conduct. *See id.*

**[8]** Because section 261.5(d) does not include the relevant scienter requirement of § 2243, and criminalizes sexual conduct that is not necessarily abusive, we conclude that section 261.5(d) does not qualify as the generic federal crime of "sexual abuse of a minor," and therefore is not categorically an aggravated felony under § 1101(a)(43)(A).

If the specific crime of conviction "does not categorically qualify as a predicate offense under a federal statute, it still may qualify under a modified categorical analysis." *Quintero-Salazar*, 506 F.3d at 694. Under the modified categorical

approach, we examine specified judicial records to determine whether a defendant was necessarily convicted of the elements of the federal generic crime.

*See Shepard v. United States*, 544 U.S. 13, 20-21 (2005). Here, the government has not asked this court to undertake a modified categorical analysis, nor could it do so, given that the record contains only two documents of conviction (a felony complaint and the clerk's order of probation) neither of which indicates the age of the victim or establishes that Pelayo was convicted of a crime involving sexual conduct with a younger child. *See generally id*. at 26 (holding that we are permitted to conduct a limited examination of documents in the record of conviction, specifically "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information").

## IV

**[9]** Because Pelayo's conviction for unlawful sexual intercourse in violation of section 261.5(d) of the California Penal Code does not qualify as the federal generic crime of "sexual abuse of a minor," it is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). Therefore, the IJ and BIA erred in concluding that Pelayo was deportable due to his prior conviction.

**PETITION FOR REVIEW GRANTED**.