**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| ALEJANDRO MORENO-ALVIZO, aka Alejandro Moreno, Petitioner, v. ERIC H. HOLDER Jr., Attorney General, Respondent. | No. 05-73906 Agency No. A090-982-194 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2009[**]
San Francisco, California

Before: NOONAN, KLEINFELD and IKUTA, Circuit Judges.

Because section 261.5(d) of the California Penal Code lacks the element of

knowledge required by 18 U.S.C. § 2243, it does not meet the definition of the

generic federal crime of "sexual abuse of a minor" under *Estrada-Espinoza v.*

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukaskey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc). *See Pelayo-Garcia v. Holder*, ___ F.3d ___ (9th Cir. 2009). Likewise, because section 261.5(d) does not expressly include abuse of a minor as an element of the crime and is not limited to conduct targeting younger children, it fails to meet the alternative test for "sexual abuse of a minor" articulated by *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). *See Pelayo-Garcia*, ___ F.3d at ___. Accordingly, the BIA erred in determining that Moreno-Alvizo's prior conviction is categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). *Id.* at ___.

The government has not asked us to undertake a modified categorical analysis, nor do the conviction documents in the record establish that petitioner was convicted of a crime involving sexual conduct with a younger child. Accordingly, the IJ and BIA erred in concluding that petitioner was deportable due to his prior conviction

**PETITION FOR REVIEW GRANTED.**