**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10488 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00733-FRZ-GEE |
| v. | |
| SANTOS MERCADO-ORTIZ, AKA Santos Ortiz Mercado, AKA Santos Mercado Ortiz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: HUG, REINHARDT and BYBEE, Circuit Judges.

Defendant-Appellant Santos Mercado-Ortiz ("Mercado") appeals the district

court's decision to enhance his sentence following his conviction for illegal reentry

after deportation, in violation of 8 U.S.C. § 1326. The district court enhanced

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Mercado's sentence under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2, which provides a sixteen-level sentence enhancement for defendants previously deported after "a conviction for a felony that is . . . a crime of violence," U.S.S.G. § 2L1.2(b)(1)(A), including "sexual abuse of a minor," *id.* § 2L1.2 cmt. n.1(B)(iii). The court held that Mercado's prior conviction for third-degree child molestation under Washington Revised Code § 9A.44.089 qualifies as "sexual abuse of a minor" under the Guidelines. On appeal, Mercado argues that this determination was plain error. We affirm.

Were we reviewing the district court's decision *de novo*, the question of whether § 9A.44.089 qualifies as "sexual abuse of a minor" would be a difficult one because of our subsequent decisions in *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009), and *Pelayo-Garcia v. Holder*, 589 F.3d 1010 (9th Cir. 2009). However, at sentencing, Mercado did not object to the district court's characterization of his child molestation offense as "sexual abuse of a minor." Thus, we review this determination for plain error. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997).[1] Under this standard, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3)

---

[1] We do not reach the issue of whether Mercado *waived* the argument that the district court erred in holding that he is subject to the "crime of violence" enhancement.

2

that affect[s] substantial rights." *Id.* (quotation marks omitted) (alteration in original).

In *United States v. Turman*, 122 F.3d 1167 (9th Cir. 1997), we held that "[w]hen the state of the law is unclear at trial and only becomes clear as a result of later authority, the district court's error is perforce not plain . . . . We thus conclude[d] that plain error . . . normally means error plain at the time the district court made the alleged mistake." *Id.* at 1170. There is an exception to this rule: "[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration." *Johnson*, 520 U.S. at 468. When this exception does not apply, the general rule applies—that is, when the law is *unsettled* at the time of the district court's ruling, "[w]e need only determine whether the . . . error was plain at the time the district court made the alleged mistake." *Turman*, 122 F.3d at 1170.

Our review for plain error is governed by the precedents in existence at the time of the district court's decision, *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), and *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc). It was not settled at the time of the district court's decision that Mercado's prior offense *was* "sexual abuse of a minor," and therefore *Johnson*'s exception does not apply and we may not take intervening case law—namely,

3

*Medina-Villa* and *Pelayo-Garcia*—into account in determining whether the district court's decision was plainly erroneous. *See Johnson*, 520 U.S. at 468. Mercado's prior offense likely fails to satisfy the definition of "sexual abuse of a minor" established in *Estrada-Espinoza*,[2] so there was certainly room in our case law for Mercado to argue that a statute punishing sexual activity with children under the age of sixteen must "expressly prohibit[] conduct that causes physical or psychological harm" in order to qualify as "sexual abuse of a minor." *Pelayo-Garcia*, 589 F.3d at 1014 (quotation marks omitted). Because the law was still in development when the district court issued its decision, "this case falls under the general rule, not the *Johnson* exception. We need only determine whether the . . . error was plain at the time the district court made the alleged mistake." *Turman*, 122 F.3d at 1170. In other words, we must determine whether it was "plain" at the time of the district court's decision that Mercado's prior offense was *not* "sexual abuse of a minor."

The court's error was not plain under *Estrada-Espinoza* and *Baron-Medina*. Mercado's prior offense probably does not satisfy *Estrada-Espinoza*'s definition of

---

[2] In *Estrada-Espinoza*, we added to the definition of "sexual abuse of a minor" by reference to the federal statutory rape statute, 18 U.S.C. § 2243, and held that under this statute, "sexual abuse of a minor" contains "four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." 546 F.3d at 1152.

4

"sexual abuse of a minor."  However, *Estrada-Espinoza* did not overrule *Baron-Medina*, and we have recognized that *Estrada-Espinoza* did not "hold that § 2243 provides the only relevant definition of the term 'sexual abuse of a minor.'" *Medina-Villa*, 567 F.3d at 515.  Rather, the federal *generic* definition of "sexual abuse of a minor" first established in *Baron-Medina* provides a second, independent basis for a conviction to qualify as "sexual abuse of a minor" under the Guidelines.  *See id.* at 515-16 ("We . . . reject the proposition that § 2243 defines the universe of sexual offenses contemplated by U.S.S.G. § 2L1.2's term 'sexual abuse of a minor'"); *Pelayo-Garcia*, 589 F.3d at 1013 (noting that "[w]e have set out two different generic definitions of 'sexual abuse of a minor,'" namely § 2243(a) and the generic definition).

Thus, the question is whether Mercado's prior offense plainly fails to satisfy the *generic* definition of "sexual abuse of a minor" set forth in *Baron-Medina*. Given *Baron-Medina*'s expansive interpretation of the term "sexual abuse of a minor," it could not have been "plain" to the district court at the time of Mercado's sentence that Mercado's prior offense did not qualify as "sexual abuse of a minor." *Baron-Medina* established only that sexual conduct with "young children" is *per se* abusive, and that children under fourteen are "young children" for these purposes. 187 F.3d at 1147.  Thus, the district court's determination that Mercado's sexual

5

conduct with a child under the age of sixteen was "sexual abuse of a minor" was not plainly erroneous under the case law at the time.

AFFIRMED.