**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUOJIAN YOU, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-70008 <br><br> Agency No. A096-048-742 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District
Judge.[**]

Guojian You ("You"), a native and citizen of China, petitions for review of

the Board of Immigration Appeals' ("BIA") summary affirmance of the

Immigration Judge's ("IJ") denial of his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT") based on an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

adverse credibility determination.  Where the BIA adopts the IJ's decision and does not express any disagreement with any part of the decision, we review the IJ's decision as if it were the BIA's.  *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252.  We review the IJ's adverse credibility finding for substantial evidence and must uphold the decision unless the evidence compels a contrary result.  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also* 8 U.S.C. 1252(b)(4)(B) (agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").  We deny the petition for review.

Substantial evidence supports the IJ's denial of asylum based on an adverse credibility finding because the IJ provided cogent and factually supported reasons for doubting You's testimony that went to the heart of You's asylum claim.  *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).  You testified on direct examination that he paid a fine of 20,000 yuan as penalty for having a second child.  He stated that he paid the fine from his savings and identified for the IJ a receipt for the 20,000 yuan he paid to the family planning office in China.  You testified that this was the only penalty he received for having a second child.  However, on cross-examination, You stated that the penalty for having a second child was actually

2

50,000 yuan plus sterilization. You attempted to reconcile the inconsistency in his testimony by stating that the 20,000 yuan was a partial payment of the actual fine of 50,000 yuan. You testified that he was permitted to make this partial payment due to a special arrangement he made with the director of the family planning office, however, he produced no evidence of the alleged special arrangement or any record that the fine was originally 50,000 yuan. Furthermore, You's testimony as to the 50,000 yuan fine also conflicted with his declaration in which he stated that representatives from the family planning office came by his home to demand he pay the 20,000 yuan fine. On cross-examination, You was unable to reconcile this inconsistency. Even if the other factors relied on by the IJ to support her adverse credibility finding were unsupported or irrelevant, these inconsistencies in You's testimony regarding the fine were adequate to support the adverse credibility finding. *Wang v. INS*, 353 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

Because You failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3

Finally, because You's CAT claim was based on testimony that the IJ found not credible, and he points to no other evidence to show that it is more likely than not that he would be tortured if he returned to China, his CAT claim also fails. *Id.* at 1157.

**PETITION FOR REVIEW DENIED**.



FILED

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***You v. Holder***, **Case No. 06-70008**
**Rawlinson, Circuit Judge, concurring:**

I concur in the denial of Guojian You's Petition for Review.