FILED

**NOT FOR PUBLICATION**

SEP 14 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO JAVIER BORJAS DEL ANGEL,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 11-71949<br><br>Agency No. A096-974-074<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 29, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

Eduardo Javier Borjas Del Angel petitions for review of the Board of

Immigration Appeals's ("BIA") final order of removal.  The BIA found him

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

removable as an aggravated felon, and he contends his conviction does not categorically qualify as an aggravated felony.

This court uses two working definitions of the federal generic offense of "sexual abuse of a minor." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010). Under one of those definitions, sexual conduct with a minor under age 14 is "per se abusive." *Id.* The state statute under which Petitioner was convicted was for sexual conduct with a minor between the ages of 12 and 14, and hence qualifies as an aggravated felony under that definition.

We have repeatedly recognized that both definitions apply. *See United States v. Medina-Villa*, 567 F.3d 507, 513–16 (9th Cir. 2009); *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013–14 (9th Cir. 2009). Petitioner contends that we should ignore this authority in favor of an earlier en banc decision employing the other categorical definition in the circumstances of that case. *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc). There is no inconsistency in our case law, however, and no authority to support Petitioner's proposition that an en banc decision trumps later panel opinions.

The petition for review is **DENIED**.