

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLORENCIO MADERA-CASTANEDA, | No. 11-71842 |
| Petitioner, | Agency No. A041-638-989 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2014[**]
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,[***] Senior District
Judge.

Petitioner Florencio Madera-Castaneda appeals the order of the Board of

Immigration Appeals ("BIA") finding him removable under section

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Raymond J. Dearie, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

237(a)(2)(A)(iii) of the Immigration and Nationality Act for having committed an aggravated felony and denying his request for a waiver of inadmissibility under former section 212(c). We deny the portion of the petition concerning Petitioner's conviction for an aggravated felony and dismiss for lack of jurisdiction the portion concerning the BIA's section 212(c) determination.

1. The BIA did not err by finding Petitioner removable because his conviction was for an aggravated felony. The question whether the BIA properly determined that a conviction under California Penal Code section 288(a) constitutes "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A) is a legal question over which we have jurisdiction. Chuen Piu Kwong v. Holder, 671 F.3d 872, 876 (9th Cir. 2011), cert. denied, 133 S. Ct. 2885 (2013). We review de novo. Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc), overruled on other grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam).

A conviction under California Penal Code section 288(a) constitutes "sexual abuse of a minor" under the generic federal definition. United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999); see also United States v. Medina-Villa, 567 F.3d 507, 513, 515–16 (9th Cir. 2009) (holding that Baron-Medina remains good law in light of the en banc court's use of an alternate definition of

2

"sexual abuse of a minor" in Estrada-Espinoza, 546 F.3d at 1152–55, because Estrada-Espinoza defined statutory rape offenses, whereas Baron-Medina and its progeny defined other "sexual abuse of a minor" offenses). The statute at issue meets one of the two complementary definitions of "sexual abuse of a minor" that we have used: "(1) [T]he conduct prohibited by the criminal statute is sexual, (2) the statute protects a minor, and (3) the statute requires abuse. . . . Sexual conduct involving younger children is per se abusive." Pelayo-Garcia v. Holder, 589 F.3d 1010, 1014 (9th Cir. 2009) (citation omitted). Petitioner argues that this line of cases was wrongly decided, but in the absence of an intervening Supreme Court or en banc decision, "[a] three-judge panel cannot reconsider or overrule circuit precedent." Avagyan v. Holder, 646 F.3d 672, 677 (9th Cir. 2011). Consistent with this court's precedent, the BIA correctly determined that Petitioner's conviction under California Penal Code section 288(a) constituted "sexual abuse of a minor."

2. Because Petitioner is removable due to his conviction of an aggravated felony and fails to raise colorable legal or constitutional claims, we lack jurisdiction to review the remainder of his petition, which challenges the BIA's denial of a waiver of inadmissibility under former section 212(c). Vargas-Hernandez v. Gonzales, 497 F.3d 919, 923 (9th Cir. 2007) (citing 8 U.S.C.

§ 1252(a)(2)(C)). In considering Petitioner's request, the BIA properly considered all relevant factors and equities. In re Marin, 16 I. & N. Dec. 581, 584 (B.I.A. 1978). The BIA considered the immigration judge's findings of fact with respect to Petitioner's positive equities but concluded that they did not outweigh Petitioner's repeated sexual abuse of his minor stepdaughter. Petitioner identifies no colorable legal error or violation of his constitutional rights, and he cannot create federal appellate jurisdiction simply by recasting an abuse-of-discretion challenge as a legal or constitutional claim. Vargas-Hernandez, 497 F.3d at 923. We therefore dismiss for lack of jurisdiction the portion of Petitioner's claim concerning the BIA's denial of discretionary relief under former section 212(c).

**DENIED in part and DISMISSED in part.**