GRABER, Circuit Judge,
dissenting:
I dissent.
We all agree that a conviction under Alaska Statute section 11.41.436(a)(2) qualifies as “sexual abuse of a minor,” an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). That crime is an aggravated felony because the statute in question (1) involves sexual conduct, (2) protects minors, and (3) requires abuse. See Pelayo-Garcia v. Holder, 589 F.3d 1010, 1014 (9th Cir.2009) (citing United States v. Medina-Villa, 567 F.3d 507, 513 (9th Cir. 2009)) (listing those elements of the federal generic offense). The only question for decision is whether Petitioner’s conviction fell under subsection (a)(2).
The government has established clearly, unequivocally, and convincingly, Santiago-Rodriguez v. Holder, 657 F.3d 820, 829 (9th Cir.2011), that Petitioner was convicted under subsection (a)(2) of the relevant Alaska criminal statute. Indeed, in my view, it is not even permissible to infer *712 that the conviction came under subsection (a)(4).
Only subsection (a)(2) contains the critical matters alleged and pleaded to here. The amended indictment specified that Petitioner was “16 years of age or older” when he committed the offense and that the victim was “a person under 18 years of age.” Subsection (a)(2) is the only subsection that applies to a defendant “16 years of age or older” who encourages a person “under 13 years of age”[1] to engage in sexual contact. Perhaps even more crucially, the amended indictment charged Petitioner with encouraging the young victim to engage in “sexual contact,” which is a statutorily defined term that is different from and narrower than the sexual “conduct” requirement incorporated by reference into subsection (a)(4). Only subsection (a)(2) contains all three of those provisions: a defendant 16 years of age or older, a victim under the age of 13, and sexual “contact.”
The majority errs by relying on the amended indictment’s omission of the phrase “with another person,” which appears in subsection (a)(2). Although an indictment that tracks the statute’s text word for word is sufficient to meet the government’s high burden of proof, United States v. Cabrera-Perez, 751 F.3d 1000, 1006 (9th Cir.2014), word-for-word tracking is not necessary in order to meet that burden. No case has so held, although the majority mistakenly implies that only naming the subsection or tracking word for word will do. And here, where no other subsection fits the criteria that are listed, we know the answer without word-for-word quotation.
For the foregoing reasons, I would deny the petition for review.

. Factually, of course, a person who is under age 13 also is under age 16, but using the modified categorical approach we are to match the appropriate documents to the statute, not to the pleaded facts. The only statutory subsection that specifies a victim under age 13 is (a)(2).