**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



RICKY DULDULAO AGUILAR, AKA
Ricky D. Aguilar,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-70235

Agency No. A038-466-570

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2020
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

Petitioner Aguilar challenges the denial of his petitions for cancellation of

removal, withholding of removal, and deferred removal pursuant to the Convention

Against Torture.  We review de novo all claims of legal or constitutional error,

including whether a particular conviction constitutes an aggravated felony, *Diego*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*v. Sessions*, 857 F.3d 1005, 1011 (9th Cir. 2017), and review factual findings for substantial evidence, *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We hold that the BIA did not err in finding that Aguilar had been convicted of an aggravated felony and we deny his petition for review.

Under the categorical approach outlined in *Diego*, 857 F.3d at 1008–09, Aguilar's conviction under section 707-732(1)(b) of the Hawaii Revised Statutes constitutes an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(A). Section 707-732 is divisible in that it sets out alternative elements as a means of defining multiple separate crimes. Review of the statutory text and the admissible conviction-related documents confirms that Aguilar was convicted of subsection (1)(b). *See Diego*, 857 F.3d at 1009–10 (discussing the "modified categorical approach").

The elements of section 707-732(1)(b) are as follows: (1) the defendant must have subjected a minor to "sexual contact;" (2) the defendant must have done so knowingly, or been "aware" that he was submitting the minor to sexual contact; (3) the defendant must have been aware that the minor was not married to him; and (4) the minor must have been younger than 14 at the time of the sexual contact. *State v. Arceo*, 928 P.2d 843, 857 (Haw. 1996). We compare this state statute to the federal generic definition of "sexual abuse of a minor," *see* 8 U.S.C. §

2

1143(a)(43)(A). If the state statute criminalizes a broader range of conduct than the generic definition of the federal crime, the offense is not a categorical match, and cannot constitute an aggravated felony. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015).

There are two generic federal definitions of "sexual abuse of a minor." *Diego*, 857 F.3d at 1012. Under the relevant definition here, a state offense qualifies as "sexual abuse of a minor" if "(1) the conduct prohibited by the criminal statute is sexual, (2) the statute protects a minor, and (3) the statute requires abuse." *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1014 (9th Cir. 2009) (citing *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009)). The second and third prongs are undoubtedly satisfied here. The statute protects a minor because it requires victims to be under the age of 14, and we have recognized that "sexual conduct with a person under the age of 14 is per se abusive," *Diego*, 857 F.3d at 1015 (citing *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010)).

Aguilar's argument primarily centers on the first prong, but we reject his claim and hold that the conduct prohibited by section 707-732(1)(b) is sexual in nature. While the statutory text would seem to permit conviction for the touching of the intimate parts of another through the clothing without regard to the

3

perpetrator's sexual intent, the Hawaii Supreme Court has narrowed the reach of the statute to ensure that the only conduct prohibited by the statute is sexual in nature. *See State v. Silver*, 249 P.3d 1141, 1147–49 (Haw. 2011) (explaining that "sexual contact" in Hawaii law is context-dependent and would not criminalize the purely innocent touching of a minor's "intimate parts"). Aguilar cannot point to a "realistic probability, [as opposed to] a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Section 707-732(1)(b) is a categorical match to the federal definition of "sexual abuse of a minor." Aguilar's conviction thus constitutes an aggravated felony.[1] The BIA properly denied Aguilar's petition for cancellation of removal, and we deny his petition for review on this ground.

Because the BIA properly found that Aguilar has been convicted of an aggravated felony, we dismiss for lack of jurisdiction his claim that the BIA erred in determining that he had committed a "particularly serious crime" that precludes his application for withholding of removal. We lack jurisdiction over most claims

---

[1] To the extent that Aguilar challenges the BIA's determination that Aguilar's conviction also qualifies as a "crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i), that contention is moot; the fact that his conviction was properly found to constitute a "sexual abuse of a minor" aggravated felony conviction is sufficient to render him deportable. *Id.* § 1227(a)(2)(A)(iii).

made in a petition for review of a final order of removal by a petitioner who is removable as an aggravated felon. 8 U.S.C. § 1252(a)(2)(C). Aguilar makes no colorable claim of legal or constitutional error sufficient to restore this Court's jurisdiction over his claims under section 1252(a)(2)(D). Aguilar's claims amount to a request for a "re-weighing of the factors involved in [the BIA's] discretionary determination," *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012), which no court has jurisdiction to undertake.

We have jurisdiction to review the agency's denial of Aguilar's claim for deferred removal pursuant to CAT because the BIA denied that relief on the merits, *see Edu v. Holder*, 624 F.3d 1137, 1142 (9th Cir. 2010), but we deny Aguilar's petition for review. The BIA had substantial evidence to conclude that Aguilar failed to show that he was likely to be tortured if removed and that any such torture would be inflicted at the instigation of or with the consent or acquiescence of a public official. *See Eneh v. Holder*, 601 F.3d 943, 946–47 (9th Cir. 2010) (citing 8 C.F.R. §§ 208.16(c)(2), 1208.18(a)(1)). Aguilar has been outside of the Philippines for 35 years, and never suffered direct harm from the New People's Army ("NPA"). His father, the only member of the family who had ever been directly threatened by the NPA, has safely returned to the Philippines on four occasions. Any future harm to Aguilar is too speculative to constitute a colorable

5

CAT claim. Further, evidence cited by the BIA suggests that the government actively opposes the NPA. *Cf. Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (requiring that officials exhibit "willful blindness" to the torture of its citizens).

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**