NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AXEL OSWALDO VALLECIOS ENRIQUEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-234 <br><br> Agency No. A216-387-454 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2024**
San Francisco, California

Before: GILMAN,*** WARDLAW, and COLLINS, Circuit Judges.

Axel Oswaldo Vallecios Enriquez ("Enriquez"), a native and citizen of

Guatemala, petitions for review of a decision by the Board of Immigration Appeals

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

("BIA") dismissing his appeal of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA cites *Matter of Burbano* and does not express disagreement" with the IJ's decision, we review the IJ's decision as if it were the BIA's decision. *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012 (9th Cir. 2009). We review denials of asylum, withholding of removal, and CAT relief under the substantial evidence standard. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

1. Substantial evidence supports the agency's denial of Enriquez's application for asylum and withholding of removal. Although Enriquez suffered harm that rose to the level of persecution, he failed to establish that the harm he suffered was on account of his membership in a particular social group ("PSG"). The record is devoid of society-specific evidence compelling the conclusion that persons who have "lived in the home of non-parent custodians, without effective familial protection," "witnessed gang violence," "resisted gang coercion," been "identified by police as potential gang affiliates," or have kinship to those that "have and will be targeted for extortion and recruitment" are members of a socially distinct group in Guatemalan society. Thus, the agency correctly found that none

of his proposed PSGs is cognizable. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020); *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93. Additionally, Enriquez failed to present evidence compelling the conclusion that he suffered past harm or feared future harm "on account of" political opinion. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009).[1]

2.      Substantial evidence supports the BIA's conclusion that Enriquez failed to establish that he will more likely than not be tortured by or with the acquiescence of a public official, upon return to Guatemala. *Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007). Although the agency found that Enriquez suffered past torture at the hands of gang members in Guatemala, he failed to establish the likelihood of future torture. Enriquez failed to establish that the gang members that harmed him posed a nationwide threat; he does not claim that any of his similarly situated family members remaining in Guatemala have been harmed since relocating within Guatemala; and he otherwise submitted no evidence compelling the conclusion that he established a clear probability that he will be persecuted or tortured upon return to Guatemala. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705–07 (9th Cir. 2022) (as amended).

---

[1] Enriquez also argues that the agency should have considered a PSG of "deportees," but because he failed to raise this argument before the IJ, the BIA properly declined to consider it. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] Petitioner's Motion to Stay Removal (Dkt. No. 3) is denied as moot.

23-234