NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN GOMEZ AGUILAR,

　　　　　Petitioner,

　v.

PAMELA BONDI, Attorney General,

　　　　　Respondent.

No. 24-2957

Agency No.
A074-108-623

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2025[**]
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

　　Juan Guadalupe Gomez Aguilar ("Gomez"), a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

dismissing his appeal of an Immigration Judge's ("IJ") denial of his applications

for asylum, withholding of removal, and protection under the Convention Against

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA affirmed and adopted the IJ's conclusion that Gomez's proffered particular social groups ("PSGs") were not legally cognizable, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994).  We therefore review the IJ's decision on the issue of whether Gomez's proposed PSGs were cognizable.  *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012 (9th Cir. 2009).

We review questions of law, such as whether a proposed PSG is cognizable for purposes of asylum and withholding of removal, de novo.  *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021); *see Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019).  We review findings of fact, including those underlying a PSG determination, for substantial evidence, upholding such "findings if they are supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'"  *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (citations omitted).  Under that standard, "factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (internal quotation marks and citation omitted).

The agency did not err in determining that Gomez's proposed PSGs— "recent deportees in Mexico" and "U.S. deportees in Mexico"—lack cognizability.

2                                                                24-2957

For both asylum and withholding of removal, Petitioner must establish that a PSG is: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (internal quotation marks and citation omitted).

Substantial evidence supports the agency's conclusion that the proposed social groups are neither sufficiently particular nor socially distinct. Gomez failed to demonstrate that the groups were sufficiently particular. The IJ explained that Gomez's first proposed PSG—recent deportees in Mexico—was insufficiently particular because Gomez "did not establish any clear benchmarks for determining what would constitute a 'recent' deportee." The IJ concluded that Gomez's second proposed PSG—U.S. deportees in Mexico—was also insufficiently particular because the term is ambiguous and includes an amorphous group of individuals. "[A] proposed class of deportees [is] too amorphous, overbroad and diffuse because it include[s] men, women, and children of all ages, regardless of the length of time they were in the United States, the reasons for their removal, or the recency of their removal." *Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that "returning Mexicans from the United States" "is too broad to qualify as a cognizable social group"); *Barbosa*, 926 F.3d at 1059–60 (holding that

"individuals returning to Mexico from the United States who are believed to be wealthy" "is too broad to qualify as a cognizable particular social group" (alterations adopted) (internal quotation marks omitted)).

Nor did Gomez demonstrate that Mexican society views the groups as socially distinct. The record shows only that deported individuals may be targets for theft and violence, which is insufficient to compel a finding that U.S. deportees or recent deportees are viewed as distinct in Mexican society. S*ee Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180–81 (9th Cir. 2021) (explaining that social distinction requires evidence that the proposed social group is "set apart" in society in some "significant way" (citations omitted)).

The BIA found that Gomez waived his CAT claim before it, and Gomez fails to challenge the waiver determination in his petition for review. Therefore, he has forfeited any challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Petitioner's Motion to Stay Removal (Dkt. No. 4) is denied as moot. The temporary stay will dissolve when the mandate issues.