NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER VASQUEZ LOPEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3667

Agency No.
A089-169-728

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 23, 2025[**]
Pasadena, California

Before: WARDLAW and OWENS, Circuit Judges, and HINDERAKER, District
Judge.[***]

Walter Vasquez Lopez ("Vasquez"), a native and citizen of Guatemala,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

dismissing his appeal of an Immigration Judge's ("IJ") denial of his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny Vasquez's petition as to withholding of removal but grant the petition as to CAT protection and remand for further proceedings.

"Where, as here, the BIA cites *Matter of Burbano* and does not express disagreement" with the IJ's decision, we review the IJ's decision as if it were the BIA's decision. *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012 (9th Cir. 2009). We review denials of withholding of removal and CAT relief under the substantial evidence standard. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

1. Substantial evidence supports the agency's denial of Vasquez's application for withholding of removal. Vasquez argues that he suffered past persecution from church members because he left the Catholic church and from gang members because of his membership in particular social groups ("PSGs"). The agency determined that Vasquez failed to establish that he suffered harm rising to the level of persecution from members of his former church or to demonstrate a nexus between his treatment by them and his religion. The record does not compel a contrary conclusion. Vasquez testified that the church members verbally harassed him and, on one occasion, physically attacked him. "We have repeatedly denied petitions for review when, among other factors, the record did

not demonstrate significant physical harm." *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021); *see also, e.g.*, *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) ("Gu was detained and beaten on only one occasion, . . . [and] did not require medical treatment."). Further, any threats posed by the comments were not "so menacing as to cause significant actual suffering or harm" to Vasquez. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted). Vasquez also testified that he left the church because its members were harassing him and continued to insult and harass him after he left the church. That the harassment occurred both while he was a member of the church and after he left demonstrates that he was not harassed because he changed religions.

Although the agency found that Vasquez suffered past torture at the hands of gang members in Guatemala, the agency determined that because none of his proposed PSGs was cognizable he failed to demonstrate that any of this harm was on account of a protected ground. The record is devoid of society-specific evidence compelling the conclusion that "members of the Vasquez-Lopez family," "Vasquez-Lopez family members who oppose recruitment from the Mara Salvatrucha gang," or "family members of property owners who refuse gang recruitment from the Mara Salvatrucha gang" are recognized as socially distinct groups in Guatemalan society. Thus, the agency correctly found that none of his proposed PSGs is cognizable. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243

(9th Cir. 2020); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) ("[T]he easily recognizable nature of family units . . . doesn't compel the conclusion that families without an immediate family male protector are separately perceived as set apart, or distinct, from other persons within a society.") (citation and internal quotations omitted). Additionally, Vasquez failed to present evidence compelling the conclusion that his membership in any of his proposed groups was "a reason" for his persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Instead, his testimony supports the conclusion that gang members attacked Vasquez "only as an instrumental means to obtain [guns and land], and w[ere] not motivated intrinsically by his familial relationship." *See Rodriguez-Zuniga*, 69 F.4th at 1020.

2.   "[R]elief under the Convention Against Torture requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Garcia-Milian*, 755 F.3d at 1033; 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a). The agency must consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3); *Akosung v. Barr*, 970 F.3d 1095, 1104 (9th Cir. 2020). "[W]here there is some indication that the BIA overlooked relevant evidence, including by misstating the record or failing to mention highly probative or potentially dispositive evidence," we may "question whether it

properly considered the record," *Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023) (citation and internal quotations omitted), despite the agency's statement that it did, *see Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011).

The IJ found that Vasquez previously suffered torture, but that he failed to establish "that the harm he experienced was inflicted by or with the consent or acquiescence of a public official or other person acting in an official capacity." While recognizing that country conditions evidence demonstrated widespread gang violence and police corruption, the IJ held this evidence did not show that Vasquez "will face a particularized risk of future torture in Guatemala."

The IJ, however, failed to "acknowledge, let alone analyze," *Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010), ample probative evidence suggesting that Vasquez was, in fact, subject to a particularized threat of torture and that the local police had acquiesced in his torture. The IJ did not discuss Vasquez's credible testimony that police officers never filed the reports he gave, arrested three gang members involved in a murder, only to release them a short way away, stated that "there was nothing they could do to protect" Vasquez, and suggested that he "leave the country as soon as possible because the gang members had a target on [him] and they could be back any day to kill [him]." We have "stressed that high-level government efforts, however important and laudable, do not necessarily reflect low-level government actors on the ground." *Xochihua-Jaimes v. Barr*, 962 F.3d

1175, 1185 (9th Cir. 2020); *see also id.* at 1186 ("The country conditions evidence certainly does not indicate that low-level government corruption has been so rectified as to render insufficient Petitioner's testimony regarding acquiescence by specific police officers in Petitioner's specific circumstances.").

Nor did the IJ mention the gang members' continued and specific interest in Vasquez nine years after the initial attacks, which further suggests that Vasquez is "subject to a particularized threat of torture if returned." *Dhital v. Mukasey*, 532 F.3d 1044, 1052 (9th Cir. 2008) (citation omitted).

The agency is not required to explicitly address every piece of evidence a petitioner presents. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). But here, the agency's denial of Vasquez's CAT claim was not supported by "reasoned consideration" of probative evidence. *See Cole*, 659 F.3d at 772. We therefore grant the petition for review as to CAT protection and remand for further consideration.

**PETITION DENIED IN PART AND GRANTED IN PART; REMANDED. The parties shall bear their own costs.**